OPINION
{¶ 1} Alvaro Perez appeals from a judgment of the Clark County Court of Common Pleas, which found him guilty of three counts of gross sexual imposition and sentenced him accordingly.
 {¶ 2} On October 26, 2001, Perez was arrested and charged with three counts of gross sexual imposition. On November 5, 2001, he was indicted on four counts of gross sexual imposition involving a person less than thirteen years of age. Perez pled not guilty, and bond was set; however, he never posted bond. His trial was originally set for January 7, 2002. In the week before the trial date, Perez's appointed counsel informed the court that he was not prepared to try the case. The state had made a plea offer at that point, but appointed counsel did not feel that Perez should take the offer. Thus, appointed counsel requested a continuance, and the trial court granted the continuance. Perez hired his own attorney shortly thereafter.
 {¶ 3} The trial was rescheduled for March 6, 2002. On March 4, Perez filed a motion to dismiss for lack of a speedy trial. The trial court held a hearing on the motion on March 5 and overruled the motion from the bench immediately thereafter. Perez pled guilty to three counts of gross sexual imposition the same day pursuant to a plea agreement. He was sentenced to two years of imprisonment on each count, to be served consecutively. He was also found to be a sexually oriented offender.
 {¶ 4} Perez raises one assignment of error on appeal.
 {¶ 5} "The Defense Counsel Was Ineffective And Failed To Require The Court To Rule On All Pre-trial Motions Before Having The Defendant Enter A Guilty Plea To The Charges."
 {¶ 6} Perez claims that he "may have been" denied his right to a speedy trial and that his attorney was ineffective in allowing him to plead guilty without determining whether he could have had his case dismissed on speedy trial grounds. Perez claims that the court did not address the speedy trial issue, notwithstanding his motion to dismiss, and that the state "failed to put forth that calculation."
 {¶ 7} Contrary to Perez's assertions that the trial court ignored this issue, the record shows that the trial court conducted a hearing on the motion to dismiss on March 5, 2002. At the end of the hearing, the trial court stated from the bench:
 {¶ 8} "The Court set a trial date within the 90-day period, that is January the 7th, of this year was — was the scheduled trial date.
 {¶ 9} "Prior to January the 7th, the defense counsel at the time, Mr. Ron Morris, requested that the trial date be continued. The reason being that Mr. Morris was unprepared to proceed to trial as he's testified that he was not ready for a trial. He was not satisfied with the plea offer, felt that the case should not go to trial, and asked that the Court vacate the January 7 trial date.
 {¶ 10} "* * *
 {¶ 11} "The Court finds that it would be unfair to penalize the State of Ohio by dismissing this case under the speedy trial statute when the defense counsel requested the continuance. The State did nothing to violate the defendant's right to a speedy trial."
 {¶ 12} The court further found that defense counsel had had good reason for not being prepared to proceed on January 7 and that counsel "would have given ineffective assistance of counsel to the defendant" on that date. Thus, the trial court's ruling on the motion to dismiss was clear to the defense before Perez entered his plea later that day, although we recognize that the ruling was not journalized before the entry of the plea.
 {¶ 13} We have reviewed the trial court's rationale for overruling Perez's motion to dismiss, and we find it to be sound. The state did not violate Perez's right to a speedy trial. Perez's original trial date, January 7, 2002, was within ninety days of his arrest, as required by R.C. 2945.71(C)(2) and (E). The additional delay was occasioned by defense counsel's request for a continuance and does not count against the state for speedy trial purposes. R.C. 2945.72(C) and (H). As such, Perez's argument that counsel was ineffective in advising him to accept a plea because his case might have been dismissed on speedy trial grounds is without merit. We see no prejudice to Perez flowing from the fact that the trial court's ruling was not journalized prior to the entry of his plea.
 {¶ 14} The assignment of error is overruled.
 {¶ 15} The judgment of the trial court will be affirmed.
FAIN, P.J. and GRADY, J., concur.